## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA
## OKLAHOMA CITY DIVISION

| | |
|---|---|
| **PAUL LANGSTON, on behalf of himself and others similarly situated,** )<br>)<br>) | Docket No. __CIV-18-868-SLP__. |
| Plaintiff, )<br>)<br>) | **COLLECTIVE ACTION COMPLAINT** |
| v. )<br>) | **JURY TRIAL DEMANDED** |
| **U.S. SECURITY ASSOCIATES, INC.** )<br>)<br>) | |
| Defendant. ) | |

Plaintiff Paul Langston, by and through counsel, and for his Complaint against Defendant U.S. Security Associates, Inc. states and alleges the following:

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division.

4. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Oklahoma County. Plaintiff's Consent to Join Form is attached hereto.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant was a for-profit corporation, organized and existing under the laws of the State of Delaware, headquartered in Georgia, and doing and conducting business throughout the State of Oklahoma, including in this District and Division.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## **FACTUAL ALLEGATIONS**

12. Defendant is the largest wholly owned security company in the United States of America. It employs over 50,000 security professionals.

13. At all times material to this Complaint, Plaintiff worked as a security worker.

14. Other similarly situated employees were employed by Defendant as hourly, non-exempt, security workers at Defendant's various locations throughout the country.

15. Plaintiff and other similarly situated employees routinely worked forty (40) or more hours per workweek.

16. Plaintiff and other similarly situated employees were paid on an hourly basis.

17. Plaintiff and other similarly situated employees worked forty (40) or more hours per workweek.

**(Failure to Pay For Pre-Shift Work)**

18. Plaintiff and other similarly situated employees were required to arrive at work 10-15 minutes before their scheduled shift for "pass on", which involves several shift-change duties. Employees who do not report 10-15 minutes early, as required, for "pass on" are disciplined. Plaintiff and other similarly situated employees have, in fact, been written up for not reporting early for "pass on".

19. Following is a summary of the policy, as reflected in discipline issued to Plaintiff: "Every shift each of us must show up 10-15 minutes early to pass on information regarding the events of the day."

20. Plaintiff and other similarly situated workers were not paid any amount for the pre-shift "pass on" work, and such time was not counted as hours worked for purposes of computing overtime.

21. Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

22. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly-situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock in when the performed the pre-shift "pass on" duties.

23. This unpaid work performed by Plaintiff and other similarly-situated

3

employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

24. Moreover, this unpaid work was an integral and indispensable part of other principle activities performed by Plaintiff and other similarly-situated employees.

25. Defendant knowingly and willfully failed to pay Plaintiff and other similarly-situated employees for time spent performing pre-shift "pass on" duties.

### (Improper Docking)

26. In addition to failing to pay for the above-described pre-shift work, Defendant docks its employees pay for up to 15 minutes for late arrivals.

### (Failure to Pay Overtime Compensation)

27. As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

28. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### (Failure to Keep Accurate Records)

29. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiff and other similarly-situated employees before clocking in each day.

30. The amount of time Plaintiff and other similarly-situated employees spent on their required and unpaid work before clocking in amounted to approximately 10-15 minutes or more per day.

## COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiff brings Count One of the action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

32.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as:

> All former and current hourly security workers employed by Defendant at any location in the United States of America between the date of the filing of the Complaint and the present.

33.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief aver that it consists of more than 50,000 people.

34.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff is representative of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

35.     These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records.  These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## **COUNT ONE**
**(Fair Labor Standards Act Violations)**

36.   Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37.   Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

38.   Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

39.   Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 CFR 516.2(a)(7).

40.   By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

41.   As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.  Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.  Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.  Award Plaintiff and the collective he represents actual damages for unpaid overtime compensation;

D.  Award Plaintiff and the collective he represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the collective;

E.  Award Plaintiff and the collective he represents pre- and post-judgment interest at the statutory rate;

F.  Award Plaintiff and the collective he represents attorneys' fees and costs; and,

G.  Award Plaintiff and the collective he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

Nilges Draher LLC

*/s/ Hans A. Nilges*
Hans A. Nilges (Ohio Bar # 0076017)
Shannon M. Draher (Ohio Bar # 0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:   (330) 470-4428
Facsimile:   (330) 754-1430
Email:   hans@ohlaborlaw.com
             sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

*/s/ Hans A. Nilges*
Hans A. Nilges