# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL LANGSTON, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| U.S. SECURITY ASSOCIATES, INC. | ) ) |
| Defendant. | ) ) ) |

Case No. CIV-18-868-PRW

## ORDER

The question before the Court is whether it should conditionally certify this action as a Fair Labor Standards Act (FLSA) collective action pursuant to 29 U.S.C. § 216(b) and authorize notice to be issued to potential class members. Plaintiff contends that conditional certification is warranted because he has made "substantial allegations" that the potential class members were collectively the victims of Defendant's single decision, policy, or plan.[1] Defendant disagrees, arguing that these allegations are not enough to permit conditional certification because they do not demonstrate that the potential class is "similarly situated" as required by § 216(b).[2] As the Court agrees with Plaintiff that conditional certification is appropriate, the Plaintiff's Motion for Conditional Certification

---

[1] Pl.'s Opening Br. in Supp. of Mot. for Conditional Certification (Dkt. 32) at 2.

[2] Def.'s Opp'n to Pl.'s Mot. for Conditional Certification & Ct.-Authorized Notice (Dkt. 39) at 17.

1

and Court-Authorized Notice (Dkt. 31) is granted and the Plaintiff's Motion for Leave to File a First Amended Complaint (Dkt. 51) is granted in part and denied in part.

*Background*

Plaintiff brings this action alleging that his former employer, Defendant, failed to pay him and other hourly, FLSA non-exempt security workers overtime pay as required by the FLSA. He alleges that security workers employed by Defendant were required to show up to their shifts 10-15 minutes prior to start time to perform "pass on," or shift-changing, duties but were not paid for this work.[3]

*Conditional Certification Standard*

The FLSA creates a private right of action for "any one or more employees" to bring a claim against their employer to recover unpaid wages and overtime compensation on "behalf of himself or themselves and other employees similarly situated."[4] The FLSA does not define "similarly situated," but the Tenth Circuit has approved a two-step ad hoc approach to determine whether employees fall into this category and an FLSA collective action can be pursued.[5]

First, the Court must determine "if certification is appropriate for purposes of providing notice to potential members of the collective action."[6] Although the plaintiff

---

[3] Compl. (Dkt. 1) ¶¶ 18–25, at 3–4.

[4] 29 U.S.C.A. § 216(b).

[5] *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).

[6] *Hart v. Sandridge Energy, Inc.*, No. 5:14-cv-00178-R, 2014 WL 2983358, at *1 (W.D. Okla. July 1, 2014) (citing *Thiessen*, 267 F.3d at 1102).

bears the burden to submit "substantial allegations that the putative class members were together the victims of a single decision, policy or plan,"[7] courts often describe this standard as lenient.[8] Even so, "the initial ad hoc FLSA class certification standard does require plaintiff to provide more than his own speculative allegations, standing alone."[9] If the allegations in the complaint and any affidavits are sufficient to meet this standard, then conditional certification will be granted.[10]

Second, once the court conditionally certifies a class, and after the conclusion of discovery, it will then "make[] a second determination, utilizing a stricter standard of 'similarly situated.'"[11]

*Analysis*

**Conditional Class Certification**

Plaintiff contends that conditional certification is warranted because he has made "substantial allegations" that the potential class members were together the victims of Defendant's single decision, policy, or plan.[12] He explains that "all opt-ins confirm the same uniform illegal practice" of requiring employees to report to work 10-15 minutes

---

[7] *Thiessen*, 267 F.3d at 1102 (quotation marks omitted).

[8] *See id.* at 1103; *Roberts v. PATCO Elec. Servs., Inc.*, No. 5:16-00720-M, 2017 WL 2635090, at *2 (W.D. Okla. June 19, 2017); *Whitlow v. Crescent Consulting, LLC*, 322 F.R.D. 417, 420 (W.D. Okla. 2017).

[9] *Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 666 (D. Kan. 2004); *see also Coldwell v. RiteCorp Envtl. Prop. Sols.*, No. 1:16-01998-NYW, 2017 WL 4856861, at *3 (D. Colo. July 20, 2017).

[10] *See In re Bank of Am. Wage & Hour Emp't Litig.*, 286 F.R.D. 572, 576 (D. Kan. 2012).

[11] *Thiessen*, 267 F.3d at 1103.

[12] Pl.'s Opening Br. in Supp. of Mot. for Conditional Certification (Dkt. 32) at 2.

prior to their shift, not permitting employees to record this time, and not paying employees for this "pass on" work.[13] Plaintiff continues that employees performed unpaid overtime as a result of this company-wide practice and employees witnessed other employees performing the same unpaid work.[14] In support of his motion, Plaintiff submits affidavits of employees, as well as an exhibit of written discipline he received for not reporting to work early to perform "pass on" duties.[15]

Defendant disagrees and argues that alleging potential class members were together the victims of Defendant's single decision, policy, or plan is not enough to permit conditional certification because it does not demonstrate that the potential class is "similarly situated."[16] Plaintiff does not allege that the potential class of security workers performed similar job duties, and Defendant views this absence as fatal to Plaintiff's motion.[17]

The Court disagrees because the Tenth Circuit is clear that, at this preliminary stage of class certification, all that is required of Plaintiff is "substantial allegations that the putative class members were together the victims of a single decision, policy or plan,"[18]

---

[13] *Id*. at 3.

[14] *Id*. at 3–4.

[15] Cogburn Decl. (Dkt. 32-2); Langston Decl. (Dkt. 32-4); Record of Counseling (Ex. A of Dkt. 32-4); Boy Decl. (Dkt. 32-5); Bohanan Decl. (Dkt. 32-6); Kitts Decl. (Dkt. 32-7); Wallace Decl. (Dkt. 32-8); Sherrill Decl. (Dkt. 32-9); Hasbune Decl. (Dkt. 32-10); Finley Decl. (Dkt. 32-11).

[16] Def.'s Opp'n to Pl.'s Mot. for Conditional Certification & Ct.-Authorized Notice (Dkt. 39) at 17.

[17] *Id*. at 17–20.

[18] *Thiessen*, 267 F.3d at 1102 (quotation marks omitted).

which Plaintiff clearly makes with his allegations and affidavits. At this lenient stage, the alleged dis-similarity of job duties is not enough to defeat conditional certification.

**Defining the Class**

Because conditional certification is appropriate, the Court must define the class. Plaintiff's latest proposal includes two classes: one for supervisors and another for non-supervisors. Defendant objects to this configuration because, "in order for [Plaintiff (a non-supervisor)] to prove his claims, he will have to show that members of the supervisor collective were instrumental in causing his injuries,"[19] putting him "squarely adverse" to the supervisor collective and "barring Plaintiff's counsel from effectively representing both simultaneously."[20] Plaintiff sees things differently. He asserts that he "specifically alleged that the Defendant's established company-wide policy deprives supervisors and security guards of pay in the same manner," and "[t]here is no allegation that rogue supervisors are cheating security guards out of pay in contravention of established policy."[21]

Based on Plaintiff's representations, the Court does not identify a conflict of interest that prohibits the conditional certification of both the supervisor and non-supervisor class at this time. Plaintiff alleges that Defendant has a company-wide policy of not paying employees for "pass-down" time that "deprives supervisors and security guards of pay in

---

[19] *See* Def.'s Resp. in Opp. to Pl.'s Mot. for Leave to File a 1st Am. Compl. (Dkt. 53) at 16.
[20] *Id*.
[21] *See* Pl.'s Reply Br. in Supp. of Mot. for Leave to File a 1st Am. Compl. (Dkt. 57) at 5.

the same manner."[22] While this is presumably enforced as to non-supervisors by supervisors, the allegation remains that the illegal policy originated from the corporate Defendant, not the supervisors. Accordingly, there is no indication that the success of the non-supervisor class will rest on their ability to prove their supervisors acted illegally.[23]

*Conclusion*

Based on the foregoing, the Court orders as follows:

(1) A class consisting of all current and former non-supervisor hourly security guard employees employed by Defendant who at any time in the period measured three years prior to the date of this order to the present (1) worked forty hours or more in a workweek, (2) relieved a preceding shift and/or was relieved by a subsequent shift, (3) was required to arrive at work before his/her shift began and/or to stay after his/her shift ended to perform "pass on" duties and was not allowed to be clocked in during this time outside his/her scheduled shift, (4) is not subject to an arbitration agreement with Defendant, and (5) did not exclusively work overlapping shifts is **CONDITIONALLY CERTIFIED**;

(2) A class consisting of all current and former supervisor hourly security guard employees employed by Defendant who at any time in the period measured three years prior to the date of this order to the present (1) worked forty hours or more in

---

[22] *Id.*

[23] *See, e.g., Smith v. Maco Mgmt. Co.*, No. 2:18-cv-00082, 2019 WL 1437927, at *5 (M.D. Tenn. Apr. 1, 2019). The Court notes that if discovery enlightens it to the contrary, then stage two certification of the supervisor class may be denied.

a workweek, (2) relieved a preceding shift and/or was relieved by a subsequent shift, (3) was required to arrive at work before his/her shift began and/or to stay after his/her shift ended to perform "pass on" duties and was not allowed to be clocked in during this time outside his/her scheduled shift, (4) is not subject to an arbitration agreement with Defendant, and (5) did not exclusively work overlapping shifts is **CONDITIONALLY CERTIFIED**.

(3) Notice shall be sent to all present and former FLSA non-exempt employees of Defendant, who at any time during the last three years from the date of this order worked over forty (40) hours in a workweek, including "pass on" time.

(4) Defendant shall provide within thirty (30) days of the date of this order a roster of such present and former employees that includes their full names, dates of employment, and all contact information known by Defendant.[24] This information shall be provided to Plaintiff in an easily accessible electronic format (such as Excel or Word).

(5) The parties shall confer about the contents of the notice to send to the potential classes and submit a proposed notice to the Court for approval within thirty (30) days of the date of this order.

---

[24] If Defendant believes that providing all contact information known will be unduly burdensome, then it should submit an appropriate motion for relief to the Court with authority and a factual basis sufficient to support the request.

(6) Upon court approval, the notice shall be sent to the employees identified in (4) within ten (10) days of that approval. Plaintiff's counsel shall notify Defendant's counsel of the date on which each notice is sent to each potential class member.

(7) Duplicate copies of the notice may be sent in the event new, updated, or corrected contact information is found for one or more employees identified in (4).

(8) Plaintiff is **GRANTED** leave to amend the complaint to add Elisa Bohanan as a named plaintiff to serve as the representative plaintiff of the supervisor class, but **DENIED** leave to amend in all other respects, as the need to amend is mooted by the conditional class certification granted in this order.

**IT IS SO ORDERED this 30th day of August, 2019.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE